In the Matter of the Appointment of a Committee of the Person and Property of JOHN A. MCCARTHY, an Alleged Incompetent Person. ANNA V. MCCARTHY, Appellant; MARGARET L. LOONIE et al., Respondents.

*Per Curiam.* This is an appeal from so much of two orders, in a proceeding for an adjudication of incompetency and appointment of a committee of the person and property of John A. McCarthy, as appoints a committee of four and grants allowances. The objection is to the number and make-up of the committee, anticipating payment of three commissions, and to the alleged excessiveness of the allowances made to the attorney for the petitioners, the attorney for the opposing party (Anna V. McCarthy, sister of the incompetent), the special guardian, and two doctors who testified in the proceedings.

It appears that the incompetent, a man of advanced years but who had wide business experience, made a will at a time when he is said to have had testamentary capacity, appointing his sister, Edward F. Barrett and the National City Bank as his executors. In view of the incurable illness of the incompetent and the anticipated shortness of his remaining life, Special Term should have appointed the persons named as executors to act as committee of the person and property of the incompetent, unless reason appeared for some different disposition. The only thing suggesting any change in the indicated appointments is a charge made by petitioners against the sister in connection with handling the incompetent's property.

Without in any way prejudging this charge or casting any reflection upon the sister, it would seem preferable not to appoint her as a member of the committee. The other two executors should, however, be named as members of the committee and it is in order to name a substitute for the sister. For this purpose we accept the designation made at Special Term of Thomas J. Curran, who was appointed to take the place of the sister's representative who was originally designated but resigned. The appointment of this committee is upon condition that they stipulate to accept one commission on principal and income to be divided among them.

The allowances awarded were excessive and should be reduced or eliminated as follows: George Trosk, $25,000; Arthur G. Klein, Special Guardian, $5,000; Doctor Samuel I. Feigin, $1,500; and Doctor James Hardin Wall, $1,000. The allowance to Kelly & Donovan should be eliminated and their request for an allowance denied on the ground that their services were rendered to Anna V. McCarthy and were paid for by her.

The orders appealed from are modified in accordance with this opinion and, as so modified, affirmed, with costs to appellant payable out of the incompetent's estate. Settle order.

Peck, P. J., Glennon, Callahan, Van Voorhis and Shientag, JJ., concur.

Orders unanimously modified in accordance with the opinion herein and, as so modified, affirmed, with costs to appellant payable out of the incompetent's estate. Settle order on notice.